U IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

     v.

NATIONAL LAMPOON, INC.,
DANIEL S. LAIKIN,
DENNIS S. BARSKY,
EDUARDO RODRIGUEZ and
TIM DOUGHERTY,

           Defendants.

Civ. Action No. 08-5790 (PBT)

**FILED**

JUN 0 3 2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## FINAL JUDGMENT AS TO DANIEL S. LAIKIN

The Securities and Exchange Commission having filed a Complaint and Defendant

Daniel S. Laikin having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

2

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], by effecting, alone or with one or more

other persons, a series of transactions in securities registered on a national securities exchange,

creating actual or apparent active trading in such securities, or raising or depressing the price of

such securities, for the purpose of inducing the purchase or sale of such securities by others.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting violations of Section

13(e) of the Exchange Act [15 U.S.C. § 78m(e)], and Rule 13e-4 thereunder [17 C.F.R.

§ 240.13e-4], by which an one knowingly or recklessly, directly or indirectly, in connection with

a tender offer acts:

(a)     to employ devices, schemes or artifices to defraud;

(b)     to make untrue statements of material fact, or omitted to state material facts

necessary in order to make the statements made, in light of the circumstances

under which they were made, not misleading; and/or

(c)     to engage in acts, practices, or courses of business which operated or would

operate as a fraud or deceit upon any person.


V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15

U.S.C. § 77t(e)], Defendant is prohibited permanently from acting as an officer or director of any

issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15

U.S.C. § 78o(d)].


VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based upon

the criminal sanctions imposed against Defendant in United States v. Laikin, et al., 2:08-cr-

00733 (E.D. Pa.), no civil penalty shall be imposed upon Defendant in this civil action.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _June 2, 2011_

_Petrese B Tucker_
UNITED STATES DISTRICT JUDGE

U IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,                    :
                                                        :
                                  Plaintiff,            :       Civ. Action No. 08-5790 (PBT)
                        v.                              :
                                                        :
NATIONAL LAMPOON, INC.,                                 :
DANIEL S. LAIKIN,                                       :
DENNIS S. BARSKY,                                       :
EDUARDO RODRIGUEZ and                                   :
TIM DOUGHERTY,                                          :
                                                        :
                                  Defendants.           :
                                                        :

## CONSENT OF DEFENDANT DANIEL S. LAIKIN

1.     Defendant Daniel S. Laikin ("Defendant") acknowledges being served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a) permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Sections 9(a)(2) and 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78i(a)(2) and 78j(b)] and Rule 10b-5 (17 C.F.R. § 240.10b-5] thereunder; and

    (b)  permanently restrains and enjoins Defendant from aiding and abetting

          violations of Section 13(e) of the Exchange Act [15 U.S.C. § 78m(e)], and

          Rule 13e-4 [17 C.F.R. § 240.13e-4], thereunder; and

    (c)  prohibits Defendant from acting as an officer or director of any issuer that has

          a class of securities registered pursuant to Section 12 of the Exchange Act [15

          U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the

          Exchange Act [15 U.S.C. § 78o(d)].

3.      Based upon the criminal sanctions imposed against Defendant in <u>United States v. Laikin, et al.</u>, 2:08-cr-00733 (E.D. Pa.), Defendant acknowledges that no civil penalty shall be imposed upon Defendant in this civil action.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: __11/24/10__

_____
Daniel S. Laikin

On __Nov. 24__, 2010, __Daniel Laikin__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

MONICA VILLATORO
COMM. # 1833346
NOTARY PUBLIC-CALIFORNIA
KERN COUNTY
My Comm Exp. Jan. 26, 2013

_____
Notary Public
Commission expires: 01/24/2013

Approved as to form:



Joseph G. Poluka, Esquire
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500
Attorney for Daniel S. Laikin