U IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | Civ. Action No. 08-5790 (PBT) |
| v. | : | |
| NATIONAL LAMPOON, INC.,<br>DANIEL S. LAIKIN,<br>DENNIS S. BARSKY,<br>EDUARDO RODRIGUEZ and<br>TIM DOUGHERTY, | : | **FILED**<br>JUN 0 3 2011 |
| Defendants. | : | MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

## FINAL JUDGMENT AS TO EDUARDO RODRIGUEZ

The Securities and Exchange Commission having filed a Complaint and Defendant

Eduardo Rodriguez having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact

                  necessary in order to make the statements made, in the light of the circumstances

                  under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would

                  operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], by effecting, alone or with one or more

other persons, a series of transactions in securities registered on a national securities exchange,

creating actual or apparent active trading in such securities, or raising or depressing the price of

such securities, for the purpose of inducing the purchase or sale of such securities by others.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $20,000, representing profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,571.

Defendant shall satisfy this obligation by paying $22,571 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Eduardo Rodriguez as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously submit a copy of the payment and letter to Elaine C. Greenberg, Associate Regional Director, Division of Enforcement, Securities and Exchange Commission, Mellon Independence Center, 701 Market Street, Suite 2000, Philadelphia, PA 19106. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based upon the criminal sanctions imposed against Defendant in United States v. Rodriguez, 2:08-cr-00621 (E.D. Pa.), no civil penalty shall be imposed upon Defendant in this civil action.

3

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _June 2_ , _2011_

_____
UNITED STATES DISTRICT JUDGE

U **IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SECURITIES AND EXCHANGE COMMISSION,  :

  :

        Plaintiff,  :  Civ. Action No. 08-5790 (PBT)

    v.  :

  :

NATIONAL LAMPOON, INC.,  :

DANIEL S. LAIKIN,  :

DENNIS S. BARSKY,  :

EDUARDO RODRIGUEZ and  :

TIM DOUGHERTY,  :

  :

        Defendants.  :

  :

## CONSENT OF DEFENDANT EDUARDO RODRIGUEZ

1.    Defendant Eduardo Rodriguez ("Defendant") acknowledges being served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violations of Sections 9(a)(2) and 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78i(a)(2) and 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], thereunder;

1

3.      Based upon the criminal sanctions imposed against Defendant in <u>United States v.</u> <u>Rodriguez</u>, 2:08-cr-0062 (E.D. Pa.), Defendant acknowledges that no civil penalty shall be imposed upon Defendant in this civil action.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.

Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.   Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _12/28/10_                        _____

                                        Eduardo Rodriguez

   On _December 28_, 2010, _Eduardo Rodriguez_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____

Notary Public

Commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Roseann B. Lynn, Notary Public
East Buffalo Twp., Union County
My Commission Expires March 18, 2013
Member, Pennsylvania Association of Notaries

Commonwealth of Pennsylvania

County of _Union_

5